IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN COOPER, IDOC # B87161,  )
 )
      Plaintiff, )
 )
vs. ) CIVIL NO. 11-310-GPM
 )
MONROE COUNTY SHERIFF'S )
DEPARTMENT, et al., )
 )
      Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiff John Cooper (Doc. 7). Cooper, a prisoner in the custody of the Illinois Department of Corrections, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by Defendants Monroe County Sheriff's Department ("the Department"), Sheriff Daniel Kelley, Captain Dennis Schrader, and Correctional Officer Casey Schrader. This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, Monroe County, Illinois, and is before this Court on removal. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331. Cooper now moves for remand of this case to state court on the grounds that the removal of the case is untimely. In general, of course, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b). Cooper contends that on February 15, 2011, he served copies of his complaint in this case on the Department, Sheriff Kelley, Captain Schrader, and

Officer Schrader by mail, so that the removal of this case, effected on April 14, 2011, is untimely. Cooper's motion has no merit. It is well settled that the time to remove a case runs from the date formal service of process is effected in the case. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999); *Brown v. Lirios*, 391 Fed. Appx. 539, 541 (7th Cir. 2010); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 353-54 (7th Cir. 2000); *Auchinleck v. Town of LaGrange*, 167 F. Supp. 2d 1066, 1069 (E.D. Wis. 2001). The copies of the summonses in this case that are attached to Defendants' notice of removal reflect that the Department and Sheriff Kelley were served on March 15, 2011, Captain Schrader was served on March 17, 2011, and Officer Schrader was served on March 25, 2011. *See* Doc. 2-2. Thus, the Department and Sheriff Kelley, as the first-served Defendants, properly removed this case within the applicable thirty-day period, and Captain Schrader and Officer Schrader joined in the removal within that period. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993); *Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272-73 (7th Cir. 1982); *Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-860-GPM, 2009 WL 3756444, at *4 (S.D. Ill. Nov. 7, 2009). Because the removal of this case was timely under 28 U.S.C. § 1446(b), Cooper's motion for remand of this case to state court (Doc. 7) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: May 5, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge