IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN COOPER, IDOC # B87161, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-310-GPM |
| ) | |
| MONROE COUNTY SHERIFF'S ) | |
| DEPARTMENT, SHERIFF DANIEL ) | |
| KELLEY, CAPTAIN DENNIS SCHRADER, ) | |
| and CASEY SCHRADER, Correctional ) | |
| Officer, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff John Cooper, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Centralia Correctional Center ("Centralia"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. Defendants Monroe County Sheriff's Department ("the Department"), Sheriff Daniel Kelley, Captain Dennis Schrader, and Correctional Officer Casey Schrader have moved to dismiss Cooper's claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted (Doc. 11). At this time Cooper's operative complaint (Doc. 14) is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

In Cooper's pro se complaint in this case, Cooper alleges that on December 16, 2010, IDOC officials delivered Cooper to the Monroe County Jail ("the Jail") so that Cooper could appear in the Circuit Court of the Twentieth Judicial Circuit, Monroe County, Illinois. Cooper alleges further that at the time of his delivery to the Jail, Cooper was accompanied by certain medications prescribed to him by the prison doctor at Centralia, specifically, Remron for depression, Effexor for anxiety and depression, Zocor for cholesterol, and Ibuprofen for pain. However, on or about January 10, 2011, Cooper wrote a complaint about Casey Schrader, a guard at the Jail, in which Cooper claimed that

Schrader wrongfully had obtained the cell phone number of Cooper's fiancee, Catherine Cotter, and made sexual advances to Cotter. On account of his complaint about Casey Schrader, Cooper claims, Cooper's prescriptions were allowed to run out and, when Cooper requested medical care, he was advised by personnel at the Jail that, on the orders of Sheriff Kelley and Dennis Schrader, Cooper was to receive no such care. On January 14, 2011, Cooper appeared in Monroe County state court. While Cooper was waiting for his case to be called, Dennis Schrader told Cooper that he wished that he, Schrader, had alcohol-based pepper spray so that he could spray Cooper, then set him on fire; several unnamed detectives employed by the Department also made threatening remarks to Cooper. Cooper, who believes that these threats were prompted by his complaint about Casey Schrader, made a complaint about the threats to Kelley. Cooper also claims that from January 12, 2011, until January 18, 2011, he suffered great medical distress due to the refusal of authorities at the Jail to refill Cooper's prescriptions, allegedly in retaliation for the complaints Cooper had made at the Jail, and that authorities at the Jail ignored the advice of the Jail's physician, Dr. Kahn, that Cooper be taken to an emergency room for treatment.

      The Court turns first to Cooper's claim that he was retaliated against for making complaints about Casey Schrader and Dennis Schrader. In general, a prisoner has a First Amendment right to challenge the conditions of his or her confinement by, for example, filing grievances and lawsuits, and it is unlawful for prison officials to retaliate against a prisoner for exercising this right. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). To show unlawful retaliation, a plaintiff must prove three elements: first, that he or she engaged in constitutionally protected conduct, e.g., filing grievances or lawsuits challenging the conditions of the plaintiff's confinement in prison; second, that but for the protected conduct a

defendant would not have taken an adverse action against the plaintiff; and third, that the plaintiff suffered a deprivation because of the defendant's action. *See Gunville v. Walker*, 583 F.3d 979, 983-84 & n.1 (7th Cir. 2009); *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009). The Supreme Court of the United States clarified recently that, unless a federal statute provides otherwise, the plaintiff bears the burden of demonstrating but-for causation in suits brought under federal law. *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009) (to prevail in an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that [an unlawful motive] was the 'but-for' cause of the challenged . . . decision."); *Waters v. City of Chicago*, 580 F.3d 575, 584 (7th Cir. 2009) ("[T]he decisions which say that a plaintiff need only prove that his speech was a motivating factor in the defendant's decision [to retaliate] do not survive *Gross*[.]"). Here Cooper has alleged properly that he was retaliated against by Kelley and by Daniel Schrader for complaining about the conditions of his confinement through, for example, the withholding of Cooper's medication. Therefore, Cooper has stated a claim for relief for retaliation.[1]

---

1. To the extent Cooper alleges that he was retaliated against for complaints about the conditions of his confinement made to Jail authorities by Cooper's fiancee, Cooper may be able to bring a First Amendment retaliation claim based on the right of intimate association. *See, e.g., Adler v. Pataki*, 185 F.3d 35, 44 (2d Cir. 1999) (an adverse action against a plaintiff's spouse in retaliation for the plaintiff's speech should be analyzed as a claimed violation of the First Amendment right of intimate association); *Anderson-Free v. Steptoe*, 970 F. Supp. 945, 957-58 (M.D. Ala. 1997) (recognizing a claim for infringement of the right of intimate association after a plaintiff suffered an adverse employment action motivated by the plaintiff's spouse's protests against the plaintiff's employer). Although Cooper has not brought a cause of action based on the right of intimate association, a complaint need not identify a correct legal theory in order to survive facial scrutiny so long as it is sets forth facts that could support a claim. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.").

The Court turns next to Cooper's claim that Jail authorities were deliberately indifferent to his serious medical needs. Concerning claims for denials of medical care by prisoners, it is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).[2] As the United States Court of Appeals for the Seventh Circuit has instructed, the Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently

---

2. The Court notes that at the time of the incidents giving rise to this case, Cooper was a pretrial detainee. Claims brought pursuant to 42 U.S.C. § 1983, when involving pretrial detainees, arise under the Fourteenth Amendment, not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, it is well settled in this Circuit that "§ 1983 claims brought under the Fourteenth Amendment are to be analyzed under the Eighth Amendment test." *Henderson v. Sheahan*, 196 F.3d 839, 844 n.2 (7th Cir. 1999). *See also Mathis v. Fairman*, 120 F.3d 88, 91 n.3 (7th Cir. 1997) (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)) ("The rights of a pre-trial detainee under the due process clause of the Fourteenth Amendment are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'").

culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"). An objectively serious medical need "is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000)) (quotation omitted). Here Cooper has alleged that he suffered acute distress as a result of the intentional withholding of his prescribed medication by Jail officials. Deliberate indifference may be shown if prison staff intentionally denied or delayed access to medical care, or intentionally interfered with prescribed treatment. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Deliberate indifference may also exist if "it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment[.]" *Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 920 (N.D. Ill. 2002). Here Cooper specifically alleges that Dr. Kahn, the Jail's physician, advised Jail officials that Cooper should be taken to an emergency room, but Jail officials ignored this medical advice. Cooper has stated a claim for deliberate indifference to his medical needs.

To the extent Cooper may be trying to assert an Eighth Amendment claim based on the threats allegedly made to him by Dennis Schrader and others on January 14, 2011, at the Monroe County courthouse, this claim necessarily fails. In some instances, a threat may rise to the level of cruel and unusual punishment. *See, e.g., Irving v. Dormire*, 519 F.3d 442, 445, 449-50 (8th Cir. 2008) (a pattern of conduct by a defendant, including allowing another inmate to attack the

plaintiff, offering to pay other inmates to beat the plaintiff, providing a weapon to an inmate to use against the plaintiff, and labeling the plaintiff a "snitch," coupled with repeated verbal death threats, stated a claim for relief); *Northington v. Jackson*, 973 F.2d 1518, 1523-24 (10th Cir. 1992) (a prisoner's allegation that a guard put a gun to his head and threatened to shoot him stated an Eighth Amendment claim); *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986) (the defendant pointed a gun at the plaintiff, cocked it, and threatened to shoot). However, isolated, infrequent incidents of verbal harassment or threats generally do not give rise to an Eighth Amendment claim. *See, e.g., Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 445-46 (7th Cir. 2009) (a brief display of a noose by a white guard in the view of an African-American plaintiff was not a credible threat to kill or injure the plaintiff); *Antoine v. Uchtman*, 275 Fed. Appx. 539, 541 (7th Cir. 2008) (holding that racist and threatening statements by state prison guards in retaliation for an inmate's filing of grievances did not violate the inmate's constitutional right to speak and to petition the government for redress of grievances, and noting that "the Constitution does not compel guards to address prisoners in a civil tone using polite language."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") (collecting cases). Here, the isolated instance of simple verbal harassment alleged by Cooper plainly does not rise to the level of a constitutional violation, although the statements at issue certainly may be used as evidence of retaliation.[3]

---

3. Similarly, to the extent Cooper is attempting to state a claim based on the failure of Jail authorities to respond to his complaints, this likewise fails to state a claim. The Seventh Circuit Court of Appeals specifically has held that a prison official's rejection of a prisoner's complaints about the conditions of his or her confinement, even if wrongful, is not a basis for a claim under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations [of a prisoner's

With respect to Cooper's claim against the Department, a municipality, including a county sheriff's department, is liable under 42 U.S.C. § 1983 for the actions of its employees if those actions were taken pursuant to the policy, custom, or practice of the municipality or department, or if the actions were taken by, or at the direction of, the person with final policy-making authority for the municipality or department. *See Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Kujawski v. Board of Comm'rs of Bartholomew County, Ind.*, 183 F.3d 734, 737 (7th Cir. 1999); *Butera v. Cottey*, No. IP97-2014-C-M/S, 2001 WL 401250, at *4 (S.D. Ind. Apr. 13, 2001) (citing *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000)). A county sheriff in Illinois may be the person with final policy-making authority for a sheriff's office. *See Franklin v. Zaruba*, 150 F.3d 682, 685 (7th Cir. 1998). It is possible to infer from the allegations of Cooper's complaint that Kelley had final policy-making authority for the Department and that the wrongful conduct alleged in the complaint occurred pursuant to Kelley's illegal policies and practices. Therefore, Cooper has stated a claim for relief under Section 1983 against the Department. However, Cooper's complaint is devoid of specific allegations of unconstitutional wrongdoing by Casey Schrader, and therefore Casey Schrader will be dismissed from this action. *See Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or

---

constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). Thus, "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *Id.* at 609-10. *See also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights[.]").

participated in a constitutional deprivation."); *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)) (a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint"); *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)) (a Section 1983 plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of a complaint).

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Cooper's complaint fails to state a claim upon which relief may be granted with respect to Casey Schrader, and therefore Casey Schrader is **DISMISSED with prejudice** from this action. Additionally, Cooper's claim based on alleged threats made to him by Dennis Schrader and unnamed others is **DISMISSED with prejudice**. Cooper may proceed on his claim for retaliation and deliberate indifference to his serious medical needs against the Department, Kelley, and Dennis Schrader. Defendants' motion to dismiss (Doc. 11) is **DENIED as moot**. It is hereby **ORDERED** that Defendants **MONROE COUNTY SHERIFF'S DEPARTMENT**, **SHERIFF DANIEL KELLEY**, and **CAPTAIN DENNIS SCHRADER** shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to SDIL-LR 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings. Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*. Finally, Plaintiff is **ADVISED** that he is under a continuing obligation

to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    DATED: November 29, 2011

                                                /s/ G. Patrick Murphy
                                                G. PATRICK MURPHY
                                                United States District Judge