IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-310-GPM-DGW |
| | ) |
| MONROE COUNTY SHERIFF'S | ) |
| DEPARTMENT, SHERIFF DANIEL | ) |
| KELLEY, and CAPTAIN DENNIS | ) |
| SCHRADER, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge:**

### MOTION TO WITHDRAW MOTION FOR SANCTIONS

On June 7, 2012, Defendants filed a Motion for Sanctions representing that Plaintiff had not responded to interrogatories or requests for production initially propounded on February 13, 2012 (Doc. 33). On June 26, 2012, Defendants filed a Motion to Withdraw the Motion for Sanctions, stating that Plaintiff had responded to the interrogatories (Doc. 37). The Motion to Withdraw is **GRANTED**.

### MOTION TO COMPEL

Now pending before the Court is a Motion to Compel filed by Defendants (Doc. 38). Defendants represent that although Plaintiff responded to written interrogatories, he never responded to the requests for production. Defendants ask the Court to order Plaintiff to respond to the requests for production.

The Court **ORDERS** the following. The motion compel is **GRANTED.** Plaintiff is **ORDERED** to respond to the requests for production by **July 27, 2012**. If Plaintiff fails to

respond to the requests for production by July 27, 2012, Defendants are granted leave to refile their motion for sanctions. *Plaintiff is informed that failure to respond to Defendants' discovery requests may result in a recommendation that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.*

### MOTION FOR APPOINTMENT OF COUNSEL

In response to the Motion for Sanctions, Plaintiff requested that the Court appoint counsel to represent him in the action (Doc. 36). Plaintiff stated that because he is now detained in jail, he will be unable to prosecute the lawsuit without an attorney.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

In analyzing whether a plaintiff is competent to litigate a case himself, the Court should

consider the complexity of the case, and make a determination that is "particularized to the person and the case before the Court." *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010) (quoting *Pruitt*, 503 F.3d at 656).  The Court is to look at a plaintiff's "literacy, communication skills, educational level, and litigation experience." *Santiago*, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655). The Seventh Circuit cautions district courts to use "significant prudence" in assessing a plaintiff's ability to represent himself.  *Id.*

Plaintiff has not met the threshold burden of demonstrating he has made a reasonable attempt to obtain counsel on his own.  He may make such a showing by providing the Court with letters from attorneys declining to represent him.  Even if Plaintiff had made such a showing, the Court is not convinced that counsel is warranted at this time.  The Court is aware that Plaintiff's detention may complicate his prosecution of the case, but the Court does not believe that Plaintiff will be entirely unable to participate.  In fact, Plaintiff responded to Defendants' interrogatories on June 25, 2012, while detained in the St. Clair County Jail.  There is no evidence that Plaintiff has had any difficulty filing motions with the Court.  Furthermore, Plaintiff's filings have been relevant and comprehensible.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: June 29, 2012**

                                                                               **DONALD G. WILKERSON**
                                                                               **United States Magistrate Judge**