IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN COOPER, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-310-GPM |
| | ) |
| MONROE COUNTY SHERIFF'S DEPT., | ) |
| DANIEL KELLEY, and DENNIS | ) |
| SCHRADER, | ) |
| | ) |
|        Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

    This matter is before the Court on the motion for summary judgment filed by Defendants Monroe County Sheriff's Department, Daniel Kelly, and Dennis Schrader (Doc. 48). Plaintiff John Cooper filed this pro se lawsuit pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was incarcerated at the Monroe County Jail. Specifically, Plaintiff claims Defendants were deliberately indifferent to his serious medical needs, and Defendant Kelly and Defendant Schrader's indifference was in retaliation for complaints Plaintiff previously made. For the following reasons, summary judgment as to Defendants Monroe County Sheriff's Department, Daniel Kelly, and Dennis Schrader is granted.

## FACTS

    Plaintiff was incarcerated at Menard Correctional Center ("Menard") and serving a two-year sentence for a felony criminal conviction (Doc. 48-3). On December 16, 2010, Plaintiff was delivered on a writ from Menard to the Monroe County Jail so that he could appear in Monroe

County Court on another criminal matter (Doc. 48-3). Plaintiff was a detainee at the Monroe County Jail from December 16, 2010 through January 17, 2011 (Doc. 48-3). At all times relevant to this case, Defendant Daniel Kelley ("Sheriff Kelly") was the Sheriff of Monroe County, Illinois and the Chief Officer of the Monroe County Jail (Doc. 48-2). Defendant Dennis Schrader ("Captain Schrader") was a Captain and the Chief Deputy of the Monroe County Sheriff's Department, and the Administrator of the Monroe County Jail (Doc. 48-3).

The Monroe County jail did not have an in-house physician to provide medical services to prisoners (*See* Doc. 48-2; Doc. 48-3; Doc. 60, p. 34). Instead, the jail retained Dr. Chung Khan, a private physician, to provide general medical services (Doc. 48-3). The jail's correctional officers were responsible for providing appropriate health care to prisoners under the medical supervision of Dr. Khan (Doc. 48-2; Doc. 48-3). When a prisoner arrived at the Monroe County Jail from another facility with medications, the medicine was administered as directed on the prescription label (Doc. 48-3). If a prisoner needed a medication refill, the correctional officers at the jail were responsible for contacting the prisoner's doctor or Dr. Khan (Doc. 48-3; Doc. 60 p. 36).

When Plaintiff arrived at the Monroe County Jail on December 16, 2010, the jail staff was given a list of his medications (Doc. 48-1, p. 3). Plaintiff's prescriptions included Simvastatia for treatment of high cholesterol, Ibuprofen for back pain and headaches, and Venlafaxine and Mirtazapine for anxiety and depression (Doc. 48-1; Doc. 48-4). Plaintiff received ibuprofen as prescribed on each of the 33 days that he was in the custody of the Monroe County Jail, and he received his other three medications on 29 of the 33 days.[1] When Plaintiff's medications ran out

---

[1] It appears based on the Medication Dispensing Report that Plaintiff may have also gone without his medication on December 25, 2010 and January 8, 2011 (Doc. 48-1, pp. 6–10). However, Plaintiff has not made a complaint of any sort regarding these two missed administrations.

on December 30, 2010, pursuant to jail policy, staff at the jail contacted Dr. Khan to refill Plaintiff's prescriptions (Doc. 48-3). Dr. Khan promptly ordered another 14-day supply (Doc. 48-3; Doc. 48-1, pp. 11–12).

On January 5, 2011, Plaintiff was sentenced in the criminal matter in Monroe County Court (Doc. 48-3). However, the sentence was stayed and Plaintiff was ordered not to be released from the Monroe County Jail until he appeared in Court on Friday, January 14, 2011 for hearings on two family law matters (Doc. 48-3). Plaintiff's medications ran out again on January 12th (Doc. 48-3; *see* Doc. 60, p. 8). According to Plaintiff, he was informed that his prescriptions would be refilled on January 14th (Doc. 60, p. 8). On Friday, January 14th, after Plaintiff appeared for the hearings, the Monroe County Court issued an order stating that Plaintiff was "free to be transported instanter" back to Menard (Doc. 48-1, p. 27). Despite the Court's order, Menard staff did not transport Plaintiff from the Monroe County Jail back to Menard on January 14th (Doc. 48-3). On Saturday, January 15th, when it became clear that Plaintiff's prescriptions still had not been refilled, a correctional officer at the jail contacted Dr. Khan (Doc. 48-3; Doc. 48-1, p. 16). However, Dr. Khan's office was closed, and the correctional officer left a message for Dr. Khan (Doc. 48-3; Doc. 48-1, p. 16). On Monday, January 17th, Dr. Khan refilled Plaintiff's prescriptions and they were administered to Plaintiff as prescribed (Doc. 48-3; Doc. 48-1, pp. 15, 10). On January 18th, Plaintiff was transported back to Menard (Doc. 48-3).

Plaintiff missed four doses, from January 13th to January 16th (*See* Doc. 48-1, p. 10). Plaintiff's claims that as a result of the missed doses, he experienced nausea, dizziness, vomiting, headaches, and chest pains (*See, e.g.*, Doc. 60, p. 9). However, according to Plaintiff, once he received his medication, he was back to normal within three days (Doc. 60, p. 10).

## DISCUSSION

### I. Legal Standard for Summary Judgment

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.… A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

### II. Motion for Summary Judgment

The Court must first address whether Plaintiff suffered a constitutional deprivation by Sheriff Kelly or Captain Schrader because if they are not individually liable under § 1983, then there can be no liability on the part of the Monroe County Sheriff's Department. *Jenkins v. Bartlett,* 487 F.3d 482, 492 (7th Cir. 2007); *Windle v. City of Marion, Ind.*, 321 F.3d 658, 663 (7th Cir. 2003).

### A. Deliberate Indifference to a Serious Medical Need Against Sheriff Kelly and Captain Schrader

Plaintiff claims that Sheriff Kelly and Captain Schrader were deliberately indifferent to his serious medical needs when they ignored his requests to have his prescription medications refilled and his requests for emergency medical care (*See* Doc. 60). However, in viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has not set forth sufficient evidence to show a genuine issue of fact that Sheriff Kelly and Captain Schrader were deliberately indifferent.

In *Estelle v. Gamble,* the Supreme Court recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. 429 U.S. 97, 104 (1976). *See also Farmer v. Brennan,* 511 U.S. 825, 828-29 (1994). In order to sustain a claim for failure to provide, or a delay in providing, medical treatment, there are "two high hurdles, which every inmate-plaintiff must clear." *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). First, the plaintiff must demonstrate that his medical condition is "objectively, sufficiently serious." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005), *citing Farmer*, 511 U.S. at 834 (internal quotations omitted). Second, the plaintiff must demonstrate that a state official acted with a sufficiently culpable state of mind—deliberate indifference. *Greeno*, 414 F.3d at 653. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane,* 959 F.2d 673, 677 (7th Cir. 1992). "The officials must know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653.

Here, Sheriff Kelly and Captain Schrader claim that they are not liable under § 1983 for the

constitutional deprivations Plaintiff alleges because they were not personally involved in providing health care to prisoners; rather, correctional officers at the jail were responsible for doing so under the medical supervision of the jail's retained physician, Dr. Khan (Doc. 48). Sheriff Kelly and Captain Schrader also claim that, as far as they knew, Plaintiff was receiving his medications as prescribed (Doc. 48-2; Doc. 48-3).

In response, Plaintiff asserts that both Sheriff Kelly and Captain Schrader knew that his medications had run out and that he had requested emergency care for the withdrawal symptoms he was experiencing because he sent letters to them stating as much, and correctional officers also spoke with them by telephone (Doc. 60). Plaintiff further asserts Sheriff Kelly and Captain Schrader ignored his medical concerns (Doc. 60).

The Court is dubious as to whether the delay in refilling Plaintiff's medications and the failure to provide emergency care for the withdrawal symptoms Plaintiff claims he experienced as a result of the missed doses of medication posed an excessive risk to his health. Assuming for the sake of argument that there was an excessive risk to Plaintiff's health, summary judgment is still proper because Plaintiff has failed to put forth competent evidence that Sheriff Kelly and Captain Schrader knew of, and disregarded, that risk.

Plaintiff submitted to the Court copies of the letters that he claims he sent to Sheriff Kelly and/or Captain Schrader (Doc. 60, pp. 26–32). The letters are dated Friday, January 14th; Saturday, January 15th; and Monday, January 17th (Doc. 60, pp. 26–32). Plaintiff's medications were refilled on Monday, January 17th. Therefore, the timeframe at issue is a period no more than four days. The mere existence of the letters themselves is insufficient to establish that Sheriff Kelly and Captain Schrader knew about Plaintiff's medical concerns because there is no

evidence that they ever received the letters. The Court cannot even conclude it's probable that Sheriff Kelly and Captain Schrader received the letters because Plaintiff did not explain, and the record is bereft of any indication, as to how Plaintiff transmitted the letters to Sheriff Kelly and Captain Schrader, i.e. by U.S. mail, through a correctional officer, etc. However, even if Sheriff Kelly and Captain Schrader did receive the letters, the letters are still insufficient to establish that Sheriff Kelly and Captain Schrader ignored Plaintiff's medical concerns. It seems highly unlikely to the Court, if not impossible, that the grievances Plaintiff submitted on Friday and Saturday would be transmitted to Sheriff Kelly and Captain Schrader, investigated, and responded to before the following Monday. Put differently, by the time Sheriff Kelly and Captain Schrader would have become aware of Plaintiff's concerns, he was receiving the medication that he sought. The letters are nothing more than a scintilla of evidence, and no reasonable jury could find that Sheriff Kelly and Captain Schrader knew about and ignored Plaintiff's medical needs based on the letters.

The affidavits submitted by Plaintiff are similarly insufficient to establish that Sheriff Kelly and Captain Schrader knew about his medical concerns. The affidavits are from Plaintiff, two other prisoners at the Monroe County Jail, and Plaintiff's girlfriend (*See* Doc. 60, pp. 7–16). Plaintiff claims that correctional officers told him that they spoke with Sheriff Kelly and Captain Schrader who said not to refill Plaintiff's prescriptions or provide him with emergency medical care (*See* Doc. 60, pp. 7–16). Apparently, the other two inmates overheard the correctional officers' statements, and Plaintiff reported the statements to his girlfriend. However, such double and triple hearsay is clearly inadmissible evidence and cannot be considered in deciding whether to grant summary judgment. FED. R. CIV. P. 56(c)(4) (requiring that affidavits used to oppose a

motion for summary judgment must set out facts that would be admissible in evidence); *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002).

Because the letters and affidavits submitted by Plaintiff are not competent evidence that Sheriff Kelly and Captain Schrader knew about and ignored his medical concerns, Plaintiff's claim remains factually unsupported. Accordingly, Sheriff Kelly and Captain Schrader are entitled to summary judgment that they were not deliberately indifferent to Plaintiff's serious medical needs.

### B.    Retaliation Against Sheriff Kelly and Captain Schrader

Plaintiff alleges that Sheriff Kelly and Captain Schrader delayed refilling his prescriptions and refused to provide him with emergency medical care in retaliation for Plaintiff complaining about Captain Schrader and correctional officer Casey Schrader (Doc. 2-1; Doc. 23). Plaintiff claims that before he submitted his complaints, his treatment by the jail staff "was fine" (Doc. 60, p. 7). After he submitted his complaints, Plaintiff claims "[his] treatment by the staff changed. It became a very hostile situation" (Doc. 60, p. 8). However, in viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has not set forth sufficient evidence to show a genuine issue of fact that Sheriff Kelly and Captain Schrader retaliated against him.

In general, a prisoner has a First Amendment right to challenge the conditions of his or her confinement by, for example, filing grievances and lawsuits, and it is unlawful for prison officials to retaliate against a prisoner for exercising this right. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). To show unlawful retaliation, a plaintiff must prove three elements: first, that he or she engaged in constitutionally protected conduct, e.g., filing grievances or lawsuits challenging the conditions of the plaintiff's confinement in prison; second, that but for the protected conduct a defendant would not have taken

an adverse action against the plaintiff; and third, that the plaintiff suffered a deprivation because of the defendant's action. *See Gunville v. Walker*, 583 F.3d 979, 983-84 & n.1 (7th Cir. 2009); *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009).

The Court finds summary judgment is proper due to several defects in Plaintiff's retaliation claim. First, Plaintiff relies upon mere chronology of events to establish retaliation. At the summary judgment stage, however, simply showing that the protected activity happened before the defendants took their action is not enough to show a genuine issue for trial. *See, e.g., Sitar v. Indiana Dept. of Transportation,* 344 F.3d 720, 728 (7th Cir. 2003) (noting that one event following closely upon another is not dispositive in proving that the first act caused the second); *see also Stone v. City of Indianapolis Public Utilities Division,* 281 F.3d 640, 642 (7th Cir. 2002) ("mere temporal proximity between the filing of the charge of discrimination and the action alleged to have been taken in retaliation for that filing will rarely be sufficient in and of itself to create a triable issue").

Furthermore, Plaintiff cannot show that Sheriff Kelly and Captain Schrader took any adverse action against him. As explained in the previous section, there is simply no evidence that Sheriff Kelly and Captain Schrader were aware of Plaintiff's requests to have his prescription medications refilled or his requests for emergency medical care. If Sheriff Kelly and Captain Schrader did not know about the allegedly deficient medical care, it is impossible to conclude that it occurred at their direction in retaliation for Plaintiff's complaints.

Because Plaintiff has failed his burden of putting forth competent evidence to support each element of his claim, no reasonable jury could find that Sheriff Kelly and Captain Schrader retaliated against Plaintiff. Accordingly, Sheriff Kelly and Captain Schrader are entitled to

summary judgment.

### C. Deliberate Indifference to a Serious Medical Need Against Monroe County Sheriff's Department

Plaintiff also alleges that the Monroe County Sheriff's Department was deliberately indifferent to his serious medical needs (Doc. 23). In general terms, to maintain a viable § 1983 action against a governmental entity, such as a county sheriff's department, a municipality or similar entity, a plaintiff must demonstrate that a constitutional deprivation occurred as the result of an express policy or custom of the government unit. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002). In this case, the Court has concluded that no reasonable jury could find that Sheriff Kelly or Captain Schrader were deliberately indifferent to Plaintiff's serious medical needs or retaliated against Plaintiff. Without a constitutional violation, Plaintiff's claim against the Monroe County Sheriff's Department necessarily fails. Accordingly, Monroe County Sheriff's Department is entitled to summary judgment that it was not deliberately indifferent to Plaintiff's serious medical needs.

### CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by Defendants Monroe County Sheriff's Department, Daniel Kelly, and Dennis Schrader (Doc. 48) is **GRANTED**. Defendants are **DISMISSED with prejudice** from this action. Judgment shall enter accordingly and the Clerk of Court shall close this case.

**IT IS SO ORDERED.**

DATED:   September 26, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge